# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>        Plaintiff/Counter-Defendant,<br><br>    v.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION,<br><br>        Defendant/Counter-Plaintiff. | C.A. No. 1:22-cv-01092-GBW |

# AMERICAN GENERAL LIFE INSURANCE COMPANY'S
# OPENING BRIEF IN SUPPORT OF ITS
# <u>MOTION FOR LEAVE TO FILE A FIRST AMENDED COMPLAINT</u>

Christopher C. Frost (*pro hac vice*)
Elizabeth S. Pilcher (*pro hac vice*)
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
T: (205) 254-1000
F: (205) 254-1999
cfrost@maynardcooper.com
epilcher@maynardcooper.com

Sean J. Bellew (Bar ID No. 4072)
BELLEW LLC
2961 Centerville Road, Suite 302
Wilmington, DE 19808
T: (302) 353-4951
sjbellew@bellewllc.com

*Attorneys for Plaintiff/Counter-Defendant American General Life Insurance Company*

Dated: March 6, 2023

# TABLE OF CONTENTS

I. NATURE AND STAGE OF THE PROCEEDINGS ........................................ 1

II. SUMMARY OF THE ARGUMENT ................................................................ 3

III. STATEMENT OF THE FACTS ........................................................................ 4

IV. ARGUMENT ...................................................................................................... 5

    A. There is no undue delay, bad faith, or dilatory motive. ........................ 6

    B. The amendment will not unfairly prejudice Wilmington Trust. ............ 9

    C. The proposed First Amended Complaint is not futile. ......................... 11

V. CONCLUSION ................................................................................................. 12

## TABLE OF AUTHORITIES

**Cases**

*Adams v. Gould Inc.*,
    739 F.2d 858 (3d Cir. 1984) ............................................................................8

*Agere Sys. Guardian Corp. v. Proxim, Inc.*,
    190 F. Supp. 2d 726 (D. Del. 2002) ............................................................11

*Alcoa Inc. v. Alcan Rolled Prod.-Ravenswood LLC*,
    No. 06-cv-451-JFB-SRF, 2017 WL 5957104 (D. Del. Dec. 1, 2017) ............7

*Arthur v. Maersk, Inc.*,
    434 F.3d 196 (3d Cir. 2006) ......................................................................6, 7

*Boileau v. Bethlehem Steel Corp.*,
    730 F.2d 929 (3d Cir. 1984). ..........................................................................5

*Bos. Sci. Corp. v. Edwards Lifesciences Corp.*,
    No. 16-275-SLR-SRF, 2017 WL 781046 (D. Del. Feb. 28, 2017) .................7

*Butamax Advanced Biofuels LLC v. Gevo, Inc.*,
    No. 11-54-SLR, 2012 WL 2365905 (D. Del. Jun. 21, 2012) .......................11

*Coca-Cola Bottling Co. of Elizabethtown v. Coca-Cola Co.*,
    668 F. Supp. 906 (D. Del. 1987) ....................................................................8

*Cureton v. Nat'l Collegiate Athletic Ass'n*,
    252 F.3d 267 (3d Cir. 2001) ..........................................................................8

*Dole v. Arco Chem. Co.*,
    921 F.2d 484 (3d Cir. 1990) ........................................................................10

*Evans Prod. Co. v. W. Am. Ins. Co.*,
    736 F.2d 920 (3d Cir. 1984) ........................................................................10

*Geness v. Cox*,
    902 F.3d 344 (3d Cir. 2018) ..........................................................................7

*Intell. Ventures I LLC v. Toshiba Corp.*,
 No. 13-453-LSR-SRF, 2015 WL 4916789 (D. Del. Aug. 17, 2015) .............. 7

*Invensas Corp. v. Renesas Elecs. Corp.*,
 No. 11-448-GMS, 2013 WL 1776112 (D. Del. Apr. 24, 2013) ...................... 7

*Johnson v. Geico Cas. Co.*,
 673 F. Supp. 2d 244 (D. Del. 2009) ............................................................. 10

*Langbord v. U.S. Dep't of Treasury*,
 832 F.3d 170 (3d Cir. 2016) .......................................................................... 8

*Le v. City of Wilmington*,
 No. 08-615-LPS, 2010 WL 2754253 (D. Del. July 12, 2010) ....................... 8

*MacQueen v. Union Carbide Corp.*,
 No. 13-831-SLR-CJB, 2014 WL 1338729 (D. Del. Apr. 1, 2014) .............. 11

*Mallinckrodt Inc. v. E-Z-EM Inc.*,
 671 F. Supp. 2d 563 (D. Del. 2009) ............................................................... 5

*Mullin v. Balicki*,
 875 F.3d 140 (3d Cir. 2017) .......................................................................... 5

*Pro. Cleaning & Innovative Bldg. Servs. v. Kennedy Funding, Inc.*,
 245 F. App'x 161 (3d Cir. 2007) ................................................................... 5

*Targus Int'l LLC v. Victorinox Swiss Army, Inc.*,
 No. 20-cv-464-RGA, 2021 WL 2291978 (D. Del. Jun. 4, 2021) ................. 10

*U.S. ex rel. B&R, Inc. v. Donald Lake Constr.*,
 19 F. Supp. 2d 217 (D. Del. 1998) ................................................................ 8

*U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*,
 839 F.3d 242 (3d Cir. 2016) ...................................................................... 5, 7

*Vitaworks IP, LLC v. Glanbia Nutritionals (NA), Inc.*,
 No. 19-2259-CFC, 2021 WL 5061707 (D. Del. Oct. 26, 2021) .................... 6

**Rules**

Fed. R. Civ. P. 15(a)(2) ............................................................................................ 5

Plaintiff/Counter-Defendant American General Life Insurance Company ("American General") moves for leave to file its proposed First Amended Complaint against Defendant/Counter-Plaintiff Wilmington Trust, National Association ("Wilmington Trust"). In support of its motion, American General shows this Court as follows:

## I.  NATURE AND STAGE OF THE PROCEEDINGS

American General filed this case on August 19, 2022, seeking a declaration of the parties' rights and obligations under two life-insurance policies ("the Policies") that insured Meyer Magid ("the Insured"). (D.I. 1.) The case centers on a misstatement of the Insured's age in his applications for the Policies. On those applications, the Insured said he was born in 1921. (*See id.* ¶ 15.) But he was actually born in 1919, and he died after he reached age 100. (*See id.* ¶¶ 25, 27.) After the Insured died and American General learned the truth, American General paid Wilmington Trust—who holds the Policies as a securities intermediary—more than $1.4 million, based on the Insured's true age. (*See id.* ¶ 30.) American General also filed its three-count initial Complaint, seeking a declaration that its payment was correct. (*Id.* ¶¶ 31–54.) Wilmington Trust disputes American General's payments, essentially contending that the misstatement of age should have no effect.

Wilmington Trust filed an Answer and Counterclaims on October 17, 2022. (D.I. 10.) On February 1, 2023, it also moved for partial judgment on the pleadings

("JOP"). (D.I. 17.) While American General opposes Wilmington Trust's JOP in full, American General instead seeks to amend its complaint. If this Court grants leave for American General to do so, that would result in a new operative pleading, thus mooting Wilmington Trust's JOP. American General has attempted to meet and confer with counsel for Wilmington Trust before filing this motion for leave but has not yet received a response from Wilmington Trust. American General's current deadline to respond to Wilmington's JOP is today, March 6, 2023. (*See* D.I. 19.) American General respectfully submits this motion for leave to file its proposed First Amended Complaint for the Court to consider before inundating the Court with potentially additional and unnecessary filings. American General stands ready to file its opposition to Wilmington Trust's JOP should the Court so direct following its consideration of this motion, and American General respectfully requests the Court take up matters in this order. Under the current schedule, Wilmington Trust's JOP would not be fully briefed until March 24, 2023. (*Id.*)

The parties have not submitted a Rule 26(f) Report to the Court, and the Court has not held a Scheduling Conference or entered a Scheduling Order under Rule 16(b). The Court has not otherwise set any deadline for amending the pleadings or for completing discovery. Nor has the Court set a trial date. Wilmington Trust has not served any discovery requests.

## II.     SUMMARY OF THE ARGUMENT

Federal Rule of Civil Procedure 15 requires a liberal policy favoring amendment. Wilmington Trust cannot show any reason to deny leave to amend. This Court should therefore grant American General leave to file its proposed First Amended Complaint.

This amendment is not the product of undue delay, bad faith, or dilatory motive. This case is in its earliest stages—it was filed less than seven months ago—and the Court has not imposed a deadline for amending the pleadings. The proposed First Amended Complaint also does not undo any prior efforts, because it simply adds two new causes of action. American General does so not to cause delay, but to ensure this Court can resolve every dispute about the Policy at the same time.

Granting leave to amend also would not cause any unfair prejudice. Wilmington Trust has not engaged in discovery, and American General's proposed First Amended Complaint would not impede Wilmington Trust's ability to present its claims or defenses.

Finally, American General's proposed amendments are not futile. Nor should the Court try to resolve arguments about the merits at this time. The Court should instead grant leave to amend and let the parties fully litigate American General's claims on a motion to dismiss, on a motion for summary judgment, or at trial.

## III.   STATEMENT OF THE FACTS

American General seeks to file the proposed First Amended Complaint attached to its motion.[1] That pleading would not eliminate any cause of action in the initial Complaint (Counts I, II, and III); it would simply add two causes of action (Counts IV and V).

Count IV of the proposed First Amended Complaint is a claim for reformation. Because the Insured was born in 1919—not 1921—the Maturity Dates for the Policies are incorrect. Those errors resulted either from a mutual mistake or from a mistake by American General (about which the other party was knowingly silent). This warrants judicial reformation.

Count V of the proposed First Amended Complaint is a claim for fraudulent presentment. In presenting a claim under the Policies, Wilmington Trust produced a copy of a Florida driver's license showing a date of birth for the Insured in 1921. But American General's investigator contacted the Florida Department of Highway Safety and Motor Vehicles about that driver's license, and the Department's response was that the driver's license is "counterfeit." American General seeks to recover damages it suffered as a result of that fraudulent presentment.

---

[1]   Attachment 1 is the proposed First Amended Complaint. Exhibits A–D are exhibits to that proposed pleading. Attachment 2 compares the proposed First Amended Complaint with American General's initial pleading, striking through material that was deleted and underlining material that was added.

4

American General made reasonable efforts to reach an agreement with Wilmington Trust to amend the pleadings. Wilmington Trust did not consent to this motion.

## IV. ARGUMENT

Under Federal Rule of Civil Procedure 15, a "court should freely give leave [to amend] when justice so requires." Fed. R. Civ. P. 15(a)(2). In line with that rule, this Circuit has "a liberal policy favoring the amendment of pleadings." *Mallinckrodt Inc. v. E-Z-EM Inc.*, 671 F. Supp. 2d 563, 567 (D. Del. 2009); *see U.S. ex rel. Customs Fraud Investigations, LLC v. Victaulic Co.*, 839 F.3d 242, 249 (3d Cir. 2016) ("Generally, Rule 15 motions should be granted."); *Pro. Cleaning & Innovative Bldg. Servs. v. Kennedy Funding, Inc.*, 245 F. App'x 161, 165 (3d Cir. 2007) ("Liberality is the keystone of Rule 15(a)."). "This liberal amendment regime helps effectuate the 'general policy embodied in the Federal Rules favoring resolution of cases on their merits.'" *Mullin v. Balicki*, 875 F.3d 140, 149 (3d Cir. 2017) (citation omitted).

There is, in other words, a "general presumption in favor of allowing a party to amend." *Boileau v. Bethlehem Steel Corp.*, 730 F.2d 929, 938 (3d Cir. 1984). "Absent a showing of undue delay, bad faith or dilatory motive, undue prejudice, repeated failure to cure deficiencies by amendment previously allowed, or futility of

5

the amendment, leave to amend under Rule 15 should generally be permitted." *Vita-works IP, LLC v. Glanbia Nutritionals (NA), Inc.*, No. 19-2259-CFC, 2021 WL 5061707, at *1 (D. Del. Oct. 26, 2021); *see also Arthur v. Maersk, Inc.*, 434 F.3d 196, 204 (3d Cir. 2006) ("Leave to amend must generally be granted unless equitable considerations render it otherwise unjust.").

There is no reason to deny leave to amend here. To the contrary, justice requires granting leave to amend. This Court should therefore grant American General's motion.

**A.    There is no undue delay, bad faith, or dilatory motive.**

This motion is not a product of any undue delay, bad faith, or dilatory motive by American General. It is instead a good-faith and timely request meant to help ensure this Court can resolve, on the merits, all disputes about the Policies. This is true for three related reasons.

*First*, this case is in its earliest stages. American General filed this case on August 19, 2022 (D.I. 1), and Wilmington Trust responded on October 17, 2022 (D.I. 10). This is American General's first request to amend its pleading. The parties have not yet filed a Rule 26(f) Report. Nor has the Court held a Scheduling Conference or entered a Scheduling Order under Rule 16(b). It therefore has not set a deadline for amending the pleadings, set any discovery cutoffs, or set a trial date.

These facts alone prevent a finding of undue delay. According to the Third

Circuit, "a delay of less than a year from the filing of an initial complaint to the filing of an amended complaint is rarely, if ever, sufficient to become undue." *U.S. ex rel. Customs Fraud Investigations*, 839 F.3d at 252 (citing *Arthur*, 434 F.3d at 205); *see also Geness v. Cox*, 902 F.3d 344, 364 (3d Cir. 2018) (stating that "delay was not 'undue'" because the plaintiff moved to amend "less than a year from the filing of his complaint"). This case is only six months old. (*See* D.I. 1.) Courts in this District also hold that complying with a scheduling-order deadline for amending the pleadings "generally precludes a finding of undue delay." *Bos. Sci. Corp. v. Edwards Lifesciences Corp.*, No. 16-275-SLR-SRF, 2017 WL 781046, at *2 (D. Del. Feb. 28, 2017); *see also, e.g.*, *Alcoa Inc. v. Alcan Rolled Prod.-Ravenswood LLC*, No. 06-cv-451-JFB-SRF, 2017 WL 5957104, at *3 (D. Del. Dec. 1, 2017); *Intell. Ventures I LLC v. Toshiba Corp.*, No. 13-453-LSR-SRF, 2015 WL 4916789, at *2 (D. Del. Aug. 17, 2015); *Invensas Corp. v. Renesas Elecs. Corp.*, No. 11-448-GMS, 2013 WL 1776112, at *3 (D. Del. Apr. 24, 2013). As this Court has not yet entered a Scheduling Order under Rule 16(b)—or otherwise imposed a deadline for amending the pleadings—American General cannot have violated any such deadline. This precludes a finding of undue delay.

*Second*, even if this case were further along, "'delay alone is an insufficient ground to deny leave to amend.'" *Geness*, 902 F.3d at 364 (quoting *Cureton v. Nat'l*

7

*Collegiate Athletic Ass'n*, 252 F.3d 267, 273 (3d Cir. 2001)).[2] The delay must instead impose "an unwarranted burden on the court or undue prejudice to the non-moving party." *Le v. City of Wilmington*, No. 08-615-LPS, 2010 WL 2754253, at *2 (D. Del. July 12, 2010). But as shown in Part B of the Argument, granting leave to amend will not prejudice Wilmington Trust. Nor will it burden the Court. For instance, granting leave to file the proposed First Amended Complaint will not result in wasted effort on Wilmington Trust's pending motion for partial judgment on the pleadings. (D.I. 17.) That motion is not fully briefed (*see* D.I. 19), and in any event, the proposed First Amended Complaint does not eliminate the claims that Wilmington Trust challenged. It will not create any unwarranted burden simply to add two other causes of action.

*Third*, this motion is not made in bad faith or to cause delay. Arguments about bad faith usually require some showing of a "sinister motive" or "nefarious purpose." *U.S. ex rel. B&R, Inc. v. Donald Lake Constr.*, 19 F. Supp. 2d 217, 221 n.6 (D. Del. 1998); *see Adams v. Gould Inc.*, 739 F.2d 858, 868 (3d Cir. 1984) (explaining that "[t]he question of undue delay, as well as the question of bad faith, requires

---

[2] *See also, e.g., Adams v. Gould Inc.*, 739 F.2d 858, 862–63, 869 (3d Cir. 1984) (holding that a court abused its discretion by denying a motion for leave to amend that was filed more than four years after the case began); *Langbord v. U.S. Dep't of Treasury*, 832 F.3d 170, 188 (3d Cir. 2016) (affirming a ruling that a nearly four-year delay was not "undue"); *Coca-Cola Bottling Co. of Elizabethtown v. Coca-Cola Co.*, 668 F. Supp. 906, 922 (D. Del. 1987) (holding that a six-and-a-half-year delay was not "undue").

that [the court] focus on the plaintiffs' motives for not amending … earlier"). No such motives exist here. Nor is this motion made to gain any unfair tactical advantage. Again, this Court has not yet decided the merits of any of cause of action, and the proposed First Amended Complaint only adds causes of action—it does not alter the ones that were filed before.

Instead, this motion is made to ensure this Court can resolve all disputes about the Policy on the merits. Count IV is similar to Counts I and III of the initial Complaint, but it seeks reformation of the Policies. This gives the Court another way to remedy the Insured's misstatement of age and its effect on the Policies and American General, but without having to address American General's modification of the Policies and the intricacies of the Internal Revenue Code. Count V is wrapped up in the parties' dispute about the Insured's true age, and it is far from "bad faith" to ask the Court to address Wilmington Trust's presentment of a counterfeit driver's license at the same time.

Simply put, nothing about American General's conduct can justify denying leave to amend.

**B.     The amendment will not unfairly prejudice Wilmington Trust.**

Granting this motion for leave to amend also will not unfairly prejudice Wilmington Trust, and Wilmington Trust cannot show otherwise.

9

To be clear, Wilmington Trust "bears the burden of proving that actual prejudice will result from amendment." *Johnson v. Geico Cas. Co.*, 673 F. Supp. 2d 244, 251 (D. Del. 2009). To carry that burden, Wilmington Trust would have to "demonstrate that its ability to present its case would be seriously impaired were amendment allowed." *Dole v. Arco Chem. Co.*, 921 F.2d 484, 488 (3d Cir. 1990). That is, it would have to show that it would be "'unfairly disadvantaged or deprived of the opportunity to present facts or evidence.'" *Id.* (citation omitted); *see also Evans Prod. Co. v. W. Am. Ins. Co.*, 736 F.2d 920, 924 (3d Cir. 1984) ("The principal test for prejudice … is whether the opposing party was denied a fair opportunity to defend and to offer additional evidence on that different theory.").

Wilmington Trust cannot make that showing. Though American General's proposed First Amended Complaint may affect the need for discovery, that is not enough to show unfair prejudice. *See Dole*, 921 F.2d at 488; *see also Targus Int'l LLC v. Victorinox Swiss Army, Inc.*, No. 20-cv-464-RGA, 2021 WL 2291978, at *3 (D. Del. Jun. 4, 2021) (explaining that "additional expenditure or time required … to defend another claim of inequitable conduct does not, in itself, amount to undue prejudice"). Wilmington Trust has served no discovery so far, and the Court has not imposed a deadline for amending pleadings, a discovery cutoff, or a trial date. Thus, an amendment will not impair—much less "seriously impair"—Wilmington Trust's ability to present claims or defenses. *See also Butamax Advanced Biofuels LLC v.*

*Gevo, Inc.*, No. 11-54-SLR, 2012 WL 2365905, at *2 (D. Del. Jun. 21, 2012) ("The … motion to amend was filed timely and, therefore, there can be no unfair prejudice to defendant.").

## C. The proposed First Amended Complaint is not futile.

Finally, American General's proposed amendments are not futile in any way. As American General will show in its response to Wilmington Trust's motion for partial judgment on the pleadings, Counts I, II, and III are valid claims. And given American General's well-pleaded allegations in the proposed First Amended Complaint, Wilmington Trust cannot show that Counts IV or V are futile. *See, e.g.*, *MacQueen v. Union Carbide Corp.*, No. 13-831-SLR-CJB, 2014 WL 1338729, at *2 (D. Del. Apr. 1, 2014) (explaining that non-movants bear the burden of proving futility).

This Court also need not decide at this point, on incomplete briefing, whether American General's causes of action would survive a motion to dismiss. Instead, if Wilmington Trust wants to avoid defending against the First Amended Complaint, the better course is to allow this amendment and defer judgment until Wilmington Trust moves to dismiss. *See Agere Sys. Guardian Corp. v. Proxim, Inc.*, 190 F. Supp. 2d 726, 736 (D. Del. 2002) ("The court believes the better course is to liberally allow amendments that state a colorable claim and defer judgment as to whether they survive a motion to dismiss for failure to state a claim until such time when that motion

11

is raised.").

## V.  CONCLUSION

For these reasons, for good cause, and in the interest of justice, this Court should grant American General leave to file its First Amended Complaint.

Respectfully submitted,

By: /s/ *Sean J. Bellew*

OF COUNSEL:

Christopher C. Frost (*pro hac vice*)
Elizabeth S. Pilcher (*pro hac vice*)
MAYNARD COOPER & GALE, P.C.
1901 Sixth Avenue North, Suite 1700
Birmingham, AL 35203
T: (205) 254-1000
F: (205) 254-1999
cfrost@maynardcooper.com
epilcher@maynardcooper.com

Sean J. Bellew (Bar ID No. 4072)
BELLEW LLC
2961 Centerville Road, Suite 302
Wilmington, DE 19808
T: (302) 353-4951
sjbellew@bellewllc.com

*Attorneys for Plaintiff/Counter-Defendant American General Life Insurance Company*

Dated: March 6, 2023

## WORD COUNT CERTIFICATION

The undersigned counsel certifies that this document contains 2,697 words, which were counted by using the word-count feature in Microsoft Word, in 14-point Times New Roman font. The word count includes only the body of the brief, not the cover page, tables of contents and authorities, or the counsel blocks.

By: /s/ *Sean J. Bellew*
Sean J. Bellew (Bar ID No. 4072)