IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMERICAN GENERAL LIFE INSURANCE COMPANY,<br><br>    Plaintiff/Counterclaim-Defendant,<br><br>  v.<br><br>WILMINGTON TRUST, NATIONAL ASSOCIATION,<br><br>    Defendant/Counterclaim-Plaintiff. | Civil Action No. 22-1092-GBW |

## MEMORANDUM ORDER

Pending before the Court is American General Life Insurance Company's ("American General" or "Plaintiff") Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Partial Summary Judgment ("Motion" or "Motion for Leave to File Sur-Reply") (D.I. 101), which has been fully briefed (D.I. 102; D.I. 103; D.I. 106). For the reasons discussed herein, the Court grants Plaintiff's Motion.

### I. BACKGROUND

The Court writes for the benefit of the parties and, as such, only briefly sets forth the facts and procedural history necessary for the discussion herein.

On August 19, 2022, Plaintiff filed an action to obtain a declaration of its and Defendant's rights under two insurance policies that Plaintiff issued to a third-party trust and insured a deceased third-party. D.I. 1; D.I. 26. As a Securities Intermediary, Wilmington Trust, National Association ("Wilmington" or "Defendant") is the owner and beneficiary of the policies. D.I. 37 at 1. On May 19, 2023, Plaintiff filed a First Amended Complaint. D.I. 26. On June 2, 2023, Defendant filed

its Answer, Affirmative Defenses and Counterclaim to the First Amended Complaint ("Answer and Counterclaims"). D.I. 27. Therein, Defendant asserted breach of contract of both insurance policies. D.I. 27 at 25-26.

On April 11, 2025, Defendant filed a Motion for Partial Summary Judgment on Counts I and II of the Counterclaims to the First Amended Complaint ("Motion for Summary Judgment") (D.I. 74) and an opening brief in support (D.I. 75). On April 25, 2025, Plaintiff filed a response brief and, on May 9, 2025, Defendant filed a reply brief. D.I. 84; D.I. 91. In its reply brief, Defendant raised, for the first time, that N.J. Admin. Code § 11-4-41.3(b)(5)(ii) provides:

> If the misstatement of age results in an issue age which is not within the insurer's range of insurance issue ages for that policy form, the insurer shall extrapolate a premium and benefit. The provision for misstatement of age shall not state that the policy will be rescinded and the premiums refunded.

See D.I. 91 at 4-5 (citation omitted).

On May 22, 2025, Plaintiff filed its Motion for Leave to File Sur-Reply and a supporting brief. D.I. 101; D.I. 102. In that Motion, Plaintiff requests that the Court refrain from considering Defendant's arguments relying on N.J. Admin. Code § 11-4-41.3(b)(5)(ii), because Defendant purportedly waived reliance on this regulation by not including it in Defendant's opening brief or, alternatively, that the Court grant Plaintiff leave to file a sur-reply brief to respond to Defendant's arguments relying on the regulation. D.I. 102. On June 5, 2025, Defendant filed a Response in Opposition to Motion for Leave to File Sur-Reply. D.I. 103. On June 12, 2025, Plaintiff filed a Reply in Support of Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Partial Summary Judgment. D.I. 106.

## II.     LEGAL STANDARD

The decision on whether to grant leave to file a sur-reply is ultimately one of "discretion" for the district court. *Levey v. Brownstone Inv. Grp., LLC*, 590 F. App'x 132, 137 (3d Cir. 2014).

This Court "disfavor[s]" sur-replies. *EMC Corp. v. Pure Storage, Inc.*, 154 F. Supp. 3d 81, 103 (D. Del. 2016) (citing D. Del. Loc. R. 7.1.2(b)); *see Waters Techs. Corp. v. Aurora SFC Sys. Inc.*, No. CV 11-708-RGA, 2012 WL 13167829, at *1 (D. Del. Apr. 20, 2012) (denying plaintiff's motion for sur-reply because the best practice is "to encourage the parties to follow the rules.").

This Court's disfavor for sur-replies is not easily overcome; however, courts may grant motions for leave to file a sur-reply where the proposed sur-reply "responds to new evidence, facts, or arguments raised for the first time in the moving party's reply brief." *EMC Corp.,* 154 F. Supp. 3d at 103; *see Versar Env't Servs., LLC v. Black & Veatch Special Projects Corp.*, No. CV 23-1450-RGA, 2024 WL 5090804, at *6 (D. Del. Dec. 12, 2024) (same); *see St. Clair Intell. Prop. Consultants, Inc. v. Samsung Elecs. Co.*, 291 F.R.D. 75, 80 (D. Del. 2013) (same).

"Critically, content from [a reply] brief is not 'new' if it 'is directly responsive to arguments made in' the [opposition] brief." *See Cumis Ins. Soc'y, Inc. v. Fitch*, No. CV 23-139-GBW, 2025 WL 1424871, at *2 (D. Del. May 16, 2025) (quoting *Cephea Valve Techs., Inc. v. Abbott Lab'ys*, No. CV 23-691-GBW-SRF, 2024 WL 1932830, at *9 (D. Del. Mar. 26, 2024), *report and recommendation adopted,* No. CV 23-691-GBW-SRF, 2024 WL 3291632 (D. Del. Apr. 19, 2024)). When the reply "contains evidence, facts and arguments that are not 'new,' they do 'not open the door to an expansion of briefing.'" *See id.* at *3 (quoting *Cephea Valve Techs., Inc. v. Abbott Lab'ys*, No. CV 23-691-GBW-SRF, 2024 WL 1932830, at *9 (D. Del. Mar. 26, 2024), *report and recommendation adopted,* No. CV 23-691-GBW-SRF, 2024 WL 3291632 (D. Del. Apr. 19, 2024)).

Courts may, but need not, grant motions for leave to file a sur-reply "where the opposition brief contains a 'court opinion' that 'did not appear in' the opening brief, even where the opposition brief relies on the court opinion in response to arguments made in the opening brief."

*See id.* at *2 (citing *Empower Brands LLC v. Tristar Prods., Inc.*, No. CV 23-01225-RGA, 2024 U.S. Dist. LEXIS 225561, at *5 (D. Del. Dec. 12, 2024); *Int'l Bus. Machines Corp. v. The Priceline Grp. Inc.*, No. CV 15-137-LPS-CJB, 2016 WL 626495, at *1 n.1 (D. Del. Feb. 16, 2016), *report and recommendation adopted,* No. CV 15-137-LPS-CJB, 2016 WL 1253472 (D. Del. Mar. 30, 2016)).

Courts may also grant motions for leave to file a sur-reply to "correct a demonstrable inaccuracy." *See id.* at *3 (quoting *Choma v. Blue Cross Blue Shield of Delaware*, No. CIV.A. 06-486-JJF, 2008 WL 4276546, at *15 (D. Del. Sept. 18, 2008)). Additionally, courts may deny a motion for leave to file a sur-reply where the proposed sur-reply contains arguments that "could have been raised in the opening brief." *See id.* (quoting *Bishop v. JPMorgan Chase & Co.*, No. CA 13-1-RGA-MPT, 2013 WL 3177826, at *6 (D. Del. June 21, 2013), *report and recommendation adopted*, No. CV 13-1- RGA, 2013 WL 4007508 (D. Del. Aug. 5, 2013); citing *Jazayeri v. Avaya, Inc.*, No. 2:19-CV-06003-JDW, 2021 WL 2186367, at *6 (E.D. Pa. May 28, 2021)).

### III. DISCUSSION

The Court grants Plaintiff's Motion for Leave to File a Sur-Reply. The Court grants Plaintiffs' request for leave to file the proposed sur-reply for two key reasons. *First*, the proposed sur-reply "responds to new . . . arguments," or at least new regulatory authority, "raised for the first time in the moving party's reply brief." D.I. 102 at 1; D.I. 106 at 2-3. *See EMC Corp.*, 154 F. Supp. 3d at 103. *Second*, Plaintiff's proposed sur-reply is "narrow" with a limited focus on the New Jersey regulatory provision and, thus, ensures that the proposed sur-reply is appropriate in scope. D.I. 101 at 2.

The grounds for Defendant's contention that the Court should not grant Plaintiff's request for leave to file a sur-reply are unavailing. *First*, Defendant contends that its arguments relying

on the New Jersey regulation are not new, but rather, support Defendant's initial argument in its opening brief. D.I. 103 at 2-3. However, Defendant cited this regulation for the first time in its reply brief and the Court has discretion to allow Plaintiff to respond to this newly cited regulation even if Defendant included the regulation to counter arguments made in Plaintiff's answering brief. *See Cumis Ins. Soc'y*, 2025 WL 1424871, at *2 ("Courts may, but need not, grant motions for leave to file a [sur-reply] brief where the [reply] brief contains a 'court opinion' that 'did not appear in' the [reply] brief, even where the [reply] brief relies on the court opinion in response to arguments made in the [opposition] brief."). In addition, Plaintiff's perspective on the impact of the New Jersey regulation may be beneficial to the Court.

*Second*, Defendant contends, by footnote, that the Court should decline Plaintiff's Motion because the parties did not meet and confer on the Motion pursuant to Local Rule 7.1.1. D.I. 103 at 1 n.2. Local Rule 7.1.1 provides that every moving party, excluding *pro se* parties, filing a nondispositive motion must provide an averment that "a reasonable effort has been made to reach agreement with the opposing party on matters set forth in the motion." D. Del. Loc. R. 7.1.1. The Local Rules also provide that failure to meet and confer "*may* result in dismissal of the motion." *Id.* (emphasis added). Notwithstanding Plaintiff's apparent failure to meet-and-confer and in favor of judicial efficiency, the Court exercises its "discretion" to excuse Plaintiff's purported nonperformance of the meet and confer requirement in this instance.[1] *See FTW Networks, Inc. v.*

---

[1] The Court reminds and instructs Plaintiff to comply with the Local Rules, including the meet-and-confer requirement, henceforth. Plaintiff's purported belief (D.I. 106 at 1 n.1) that "any attempt to reach agreement would have been futile . . . does not excuse its failure to comply with Local Rule 7.1.1." *See Stokes v. Markel Am. Ins. Co.*, 595 F. Supp. 3d 274, 288 (D. Del. 2022) (disapproving of plaintiff's non-compliance with Local Rule 7.1.1 notwithstanding that plaintiff was "undoubtedly correct" that a meet and confer would have been futile).

*Szkaradek*, No. CV 22-785-WCB, 2023 WL 8650002, at *2 (D. Del. Dec. 14, 2023) (explaining that the term "may" conveys that "dismissal for noncompliance is discretionary, not mandatory").

For the above reasons, the Court exercises its "discretion" to grant Plaintiff's request for leave to file a sur-reply. *See Levey*, 590 F. App'x at 137.

### IV.   CONCLUSION

For the foregoing reasons, the Court grants Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Partial Summary Judgment (D.I. 101).

\* \* \*

WHEREFORE, at Wilmington this 31st day of July 2025, **IT IS HEREBY ORDERED**, that Plaintiff's Motion for Leave to File Sur-Reply in Opposition to Defendant's Motion for Partial Summary Judgment (D.I. 101) is **GRANTED**.

_____
GREGORY B. WILLIAMS
UNITED STATES DISTRICT JUDGE